[675 NYS2d 96]

In the Matter of JOHN C. LOPES, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, June 22, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*John C. Lopes,* New City, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition and two supplemental petitions containing 13 charges of professional misconduct. By a stipulation dated April 1, 1997, Charges Four, Nine, and Ten were amended, and the respondent stipulated to the factual allegations in the petition and the first supplemental petition. After a hearing, the Special Referee sustained all 13 charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent opposes the Grievance Committee's motion on the ground that there are mitigating circumstances which the Court should consider. Alternatively, he requests further proceedings to present additional mitigating or exculpatory evidence.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with the lawful demands of the Grievance Committee. The records of the Grievance Committee indicate that, on February 15, 1996, the Com-

mittee received a complaint filed by Claudia Amon, Esq., alleging that the respondent was sanctioned for making frivolous motions on behalf of his client in a matrimonial action pending in Orange County. On February 22, 1996, the petitioner sent a copy of the aforementioned complaint to the respondent requesting that he answer it within 10 days of its receipt. The letter advised the respondent that an unexcused failure to reply would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

On March 11, 1996, a second letter was sent to the respondent by certified mail, return receipt requested, directing that he answer the Amon complaint within 10 days of his receipt of the letter. The letter warned the respondent that a failure to reply would constitute professional misconduct independent of the merits of the complaint and might result in the Grievance Committee moving for the respondent's immediate suspension from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The date of delivery of the return-receipt card was March 14, 1996. On April 9, 1996, the petitioner received a written answer from the respondent.

The respondent appeared at the petitioner's offices on June 27, 1996, to give sworn testimony. The respondent admitted receiving the aforementioned letters, and he was advised that failing to respond to the Committee's requests in a timely manner is viewed by the Committee as failing to cooperate with it. The petitioner requested that the respondent provide it with numerous documents and information related to the Amon complaint. The respondent agreed to provide the requested material by July 5, 1996. He subsequently requested and was granted an extension until July 16, 1996.

On July 17, 1996, the petitioner sent the respondent a letter by certified mail, return receipt requested, reminding him that the requested materials were late. The date of delivery on the return-receipt card was July 18, 1996. On July 19, 1996, the petitioner sent the respondent another letter by certified mail, return receipt requested, listing the materials that were requested and not received. The date of delivery on the return-receipt card was July 22, 1996.

On August 22, 1996, the petitioner received a few of the requested documents from the respondent with a letter stating that he would be on vacation until August 23, 1996, and would finish answering all outstanding requests on August 24, 1996. On the same day, the petitioner sent the respondent a letter by

certified mail, return receipt requested, directing him to contact the Committee immediately upon his return from vacation. The date of delivery on the return-receipt card was August 26, 1996.

The respondent left a telephone message for the petitioner on September 23, 1996, stating that he would submit everything by the end of the week. However, as of the date of the petition, the requested information had not been received.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with the lawful demands of the Grievance Committee. The records of the Grievance Committee indicate that on May 2, 1996, the Committee received a complaint filed by Douglas Higbee, alleging that the respondent failed to promptly return an unearned fee. On May 6, 1996, the petitioner sent a copy of the aforementioned complaint to the respondent requesting that he answer it within 10 days of its receipt. The letter advised the respondent that an unexcused failure to reply would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

On May 22, 1996, a second letter was sent to the respondent by certified mail, return receipt requested, directing that he answer the Higbee complaint within 10 days of his receipt of the letter. The letter warned the respondent that a failure to reply would constitute professional misconduct independent of the merits of the complaint and might result in the Grievance Committee moving for the respondent's immediate suspension from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The date of delivery of the return-receipt card was May 24, 1996.

The respondent appeared at the petitioner's offices on June 27, 1996, to give sworn testimony. The respondent was advised that failing to respond to the Committee's requests in a timely manner is viewed by the Committee as failing to cooperate with it. The petitioner requested that the respondent provide it with a written answer to the Higbee complaint. The respondent agreed to provide the requested answer by July 5, 1996. He subsequently requested and was granted an extension until July 16, 1996.

On July 17, 1996, the petitioner sent the respondent a letter by certified mail, return receipt requested, reminding him of

requested materials that were late. The date of delivery on the return-receipt card was July 18, 1996. On July 19, 1996, the petitioner sent the respondent another letter by certified mail, return receipt requested, listing the materials that were requested and not received. The date of delivery on the return-receipt card was July 22, 1996.

On August 22, 1996, the petitioner received a few of the requested documents from the respondent with a letter stating that he would be on vacation until August 23, 1996, and would finish answering all outstanding requests on August 24, 1996. On the same day, the petitioner sent the respondent a letter by certified mail, return receipt requested, directing him to contact the Committee immediately upon his return from vacation. The date of delivery on the return-receipt card was August 26, 1996.

The respondent left a telephone message for the petitioner on September 23, 1996, stating that he would submit everything by the end of the week. However, as of the date of the petition, an answer to the Higbee complaint had not been received.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with the lawful demands of the Grievance Committee. On May 6, 1996, the petitioner sent a *sua sponte* complaint to the respondent for failing to register as an attorney with the Office of Court Administration. The respondent was directed to submit an answer to the *sua sponte* complaint within 10 days of his receipt thereof and advised that a failure to reply would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

On May 22, 1996, a second letter was sent to the respondent by certified mail, return receipt requested, directing that he answer the *sua sponte* complaint within 10 days of his receipt of the letter. The letter warned the respondent that a failure to reply would constitute professional misconduct independent of the merits of the complaint and might result in the Grievance Committee's moving for the respondent's immediate suspension from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The date of delivery of the return-receipt card was May 24, 1996.

At his June 27, 1996 deposition, the respondent indicated that he would pay the biennial attorney registration fee im-

mediately. Moreover, the petitioner requested that the respondent provide it with a written answer to the *sua sponte* complaint. The respondent agreed to provide the requested answer by July 5, 1996. He subsequently requested and was granted an extension until July 16, 1996.

On July 17, 1996, the petitioner sent the respondent a letter by certified mail, return receipt requested, reminding him of requested materials that were late, including the answer to the *sua sponte* complaint. The date of delivery on the return-receipt card was July 18, 1996. On July 19, 1996, the petitioner sent the respondent another letter by certified mail, return receipt requested, listing the materials that were requested and not received. The date of delivery on the return-receipt card was July 22, 1996.

On August 22, 1996, the petitioner received, *inter alia,* a letter stating that the respondent would be on vacation until August 23, 1996, and would finish answering all outstanding requests on August 24, 1996. On the same day, the petitioner sent the respondent a letter by certified mail, return receipt requested, directing him to contact the Committee immediately upon his return from vacation. The date of delivery on the return-receipt card was August 26, 1996.

The respondent left a telephone message for the petitioner on September 23, 1996, stating that he would submit everything by the end of the week. However, as of the date of the petition, a written answer to the *sua sponte* complaint had not been received.

Charge Four, as amended, alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with the lawful demands of the Grievance Committee. On July 22, 1996, the Grievance Committee received a complaint filed by Mary Thompson alleging that the respondent neglected a legal matter entrusted to him and failed to communicate with his client. On July 23, 1996, the petitioner sent a copy of the aforementioned complaint to the respondent requesting that he answer it within 10 days of its receipt. The letter advised the respondent that an unexcused failure to reply would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

On September 10, 1996, a second letter was sent to the respondent by certified mail, return receipt requested, directing

that he answer the Thompson complaint within 10 days of his receipt of the letter. The letter warned the respondent that a failure to reply would constitute professional misconduct independent of the merits of the complaint and might result in the Grievance Committee moving for his immediate suspension from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The date of delivery of the return-receipt card was September 12, 1996.

The respondent left a telephone message for the petitioner on September 23, 1996, stating that he would submit everything by the end of the week. However, as of the date of the petition, a written answer to the Thompson complaint had not been received.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by making frivolous motions. By decision and order dated October 26, 1995, Hearing Examiner Catherine M. Miklitsch of the Family Court, Rockland County, found that the respondent's actions in a case entitled *Cathy Ann DiLonardo v Louis DiLonardo* were frivolous because the respondent's second order to show cause for a downward modification of support was without merit and could not be supported by a reasonable argument for the extension, modification, or reversal of existing law. The Hearing Examiner recommended an award of counsel fees in the sum of $825.

Charge Six alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to comply with court orders in a timely manner. By an order dated January 29, 1996, Rockland County Court Judge Margaret Garvey confirmed the recommendation of Hearing Examiner Miklitsch to sanction the respondent and ordered the respondent to pay the aforementioned $825 by February 2, 1996. The respondent did not ask for any extensions of time to make the payment. The respondent did not make the aforementioned $825 payment by February 2, 1996. A hearing was scheduled for March 18, 1996, to compel the respondent to pay the $825 sanction.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code

of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to appear in court at a scheduled time and by failing to comply with a court order in a timely manner. The respondent was scheduled to appear before Rockland County Supreme Court Justice Howard Miller on April 10, 1995. The respondent failed to appear on that date. On April 11, 1995, the respondent appeared before Justice Miller on behalf of the defendant in *Cathy Ann DiLonardo v Louis DiLonardo*. Justice Miller sanctioned the respondent for failing to make a scheduled appearance in court the previous day, and ordered him to pay $500 to the Lawyers' Fund for Client Protection within 30 days from April 11, 1995. The respondent did not pay the $500 until September 14, 1995.

Charge Eight alleged that the respondent failed to promptly return an unearned fee, in violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]). On March 11, 1996, the respondent and Douglas Higbee discussed whether the respondent would represent Mr. Higbee in a domestic relations matter. Mr. Higbee never signed a retainer agreement in connection with the matter. Although the respondent never provided Mr. Higbee with a statement of client's rights and responsibilities, he performed work on Mr. Higbee's behalf and charged Mr. Higbee a fee for the work he performed.

On April 19, 22, and 25, 1996, Mr. Higbee advised the respondent that he did not wish to retain him and that he wanted a return of his $2,500 retainer. Mr. Higbee brought an action against the respondent in the Town of Clarkstown Small Claims Part for the return of the unused portion of his retainer. On July 2, 1996, a judgment was entered in favor of the respondent dismissing the action. By check dated July 2, 1996, the respondent refunded $1,450 to Douglas Higbee.

Charge Nine, as amended, alleged that, based on the factual allegations contained in Charge Eight, the respondent charged or collected a fee in a domestic relations matter without a written retainer agreement being signed by him and the client and without providing the client with a statement of his rights and responsibilities, in violation of Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11) and 22 NYCRR 1400.2 and 1400.3.

Charge Ten, as amended, alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to register as an attorney with the Office of Court Administration in a

timely manner. As of the date of the petition, the respondent had not registered as an attorney-at-law with the Office of Court Administration for the current registration period as required by Judiciary Law § 468-a and 22 NYCRR 118.1.

Charge Eleven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with the lawful demands of the Grievance Committee. The records of the Grievance Committee indicate that, on October 7, 1996, the Committee received a complaint filed by Diane Salamone alleging that the respondent failed to make final distributions in a matter involving the estate of Margaret Klein and ignored the complainant's request to liquidate 20 shares of stock. On October 9, 1996, the petitioner sent a copy of the aforementioned complaint to the respondent requesting that he answer it within 10 days of its receipt. The letter advised the respondent that an unexcused failure to reply would constitute professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

On October 29, 1996, a second letter was sent to the respondent by certified mail, return receipt requested, directing that he answer the Salamone complaint within 10 days of his receipt of the letter. The letter warned the respondent that a failure to reply would constitute professional misconduct independent of the merits of the complaint and might result in the Grievance Committee's moving for the respondent's immediate suspension from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The date of delivery of the return-receipt card was October 30, 1996. The respondent failed to submit an answer.

Charge Thirteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to comply with a decision and order of this Court dated January 29, 1997. On February 4, 1997, the respondent was served with a decision and order of this Court dated January 29, 1997, which immediately suspended him from the practice of law. By a subsequent order of this Court dated February 11, 1997, the respondent's interim suspension was vacated and the respondent was reinstated to the practice of law. However, on or about February 5, 1997, at a time when the respondent was suspended from the practice

of law, he caused to be filed with this Court an affirmation in opposition in *Matter of Frayne v Frayne* (App Div Docket No. 96-02435).

In view of the respondent's stipulation and the evidence adduced at the hearing, the Special Referee properly sustained all of the charges against the respondent except Charge Twelve.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his lack of venality and the mitigating circumstances to which he testified at the hearing. Alternatively, the respondent requests further proceedings to present additional mitigating or exculpatory evidence.

The respondent's prior disciplinary history consists of two letters of admonition dated May 3, 1995 and July 2, 1996, respectively. The May 3, 1995 letter was for failing to promptly return an unearned fee and for failing to cooperate with the Grievance Committee's investigation thereof. The July 2, 1996 letter was for neglecting the Klein estate and for failing to associate with a lawyer who was competent to handle that matter.

In view of the respondent's repeated failure to cooperate with the Grievance Committee and to comply with Court orders, he is suspended from the practice of law for a period of three years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the motion by the petitioner to confirm the report of the Special Referee is granted insofar as Charges One through Eleven and Charge Thirteen are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, John C. Lopes, is suspended from the practice of law for a period of three years, commencing July 22, 1998, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the period of three years, upon furnishing satisfactory proof that (a) during the three-year period, he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, John C. Lopes, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

[End of AD Opinions Vol 243 AD2d]